United States District Court
Southern District of Texas
**ENTERED**
July 19, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO INIESTA, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. H-17-2668 |
| ULA'S WASHINGTON, LLC, ULA'S SIENNA GROUP, L.L.C., and ERENOLDO ULISES GONZALEZ, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Plaintiff's Motion to Dismiss Counterclaims (Document No. 8), in which Plaintiff seeks an Order dismissing Defendant's counterclaims. Having considered the motion, the response in opposition, Plaintiff's reply, and the nature of, and allegations supporting, Defendants' counterclaims, the Magistrate Judge concludes and RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion to Dismiss Counterclaims (Document No. 8) be GRANTED.

Plaintiff Antonio Iniesta, a former server at one of Defendants' restaurants, filed this FLSA case on behalf of himself and all others similarly situated, seeking to recover unpaid wages and overtime. Defendants filed an Answer (Document Nos. 5 & 6) and an Original Counterclaim against Iniesta (Document No. 7), alleging that he "stole and/or misappropriated funds through a fraudulent scheme by entering customers' bills into the system as 'comped' and then taking money from the customers" and "additionally stole a number of items of personal property from the restaurant" where he worked (Document No. 7 at 2). Defendants' counterclaim(s) asserts claims against Iniesta for: (1) theft under the Theft Liability Act; (2) conversion; (3) common law fraud; and (4) fraud by

nondisclosure.

Plaintiff seeks dismissal of those counterclaims, arguing that they are permissive counterclaims for which there is no independent jurisdictional basis and over which the Court should not exercise supplemental jurisdiction. Defendants, in response, argue that the Court should exercise supplemental jurisdiction over the counterclaims to avoid piecemeal resolution of all the claims that exist between the parties. Defendants also argue, in reliance on a race discrimination case, *Galvan v. JCH Enterprises, Inc.*, No. 2:11-CV-00307, 2011 WL 4501083 *2 (D. Nev. 2011), that all employment related claims can, and should, be tried together.

Whether the Court has, or can exercise, jurisdiction over Defendants' counterclaims, depends, in the first instance, on whether those counterclaims are "compulsory" or "permissive." That is because courts have supplemental jurisdiction over compulsory counterclaims, but generally decline to exercise supplemental jurisdiction over permissive counterclaims. FED. R. CIV. P. 13 sets forth the rule for inclusion of compulsory and permissive counterclaims:

> **(a) Compulsory Counterclaim.**
> (1) *In General.* A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
> (2) *Exceptions.* The pleader need not state the claim if:
> (A) when the action was commenced, the claim was the subject of another pending action; or
> (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.
> **(b) Permissive Counterclaim.** A pleading may state as a counterclaim against any opposing party any claim that is not compulsory.

A counterclaim is considered compulsory if it arises out of the same transaction or occurrence as the

subject matter of the original claim and: (1) the "issues of fact and law raised by the claim and the counterclaim are largely the same;" or (2) "*res judicata* would bar a subsequent suit in defendant's claim absent the compulsory counterclaim rule;" or (3) "substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim;" or (4) "there is any logical relationship between the claim and the counterclaim." *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997). Counterclaims that do not fall within one of those four categories are considered permissive counterclaims.

Here, Defendants' counterclaims, while arising from the employment relationship between Plaintiff and Defendants, do not fall within any of the four categories that would support the characterization of their counterclaims as compulsory. There are no issues of law and fact that are common to Plaintiff's FLSA claims and Defendants' theft, conversion and fraud claims; *res judicata* would not bar the consideration of Defendants' theft, conversion and fraud claims; the same evidence cannot, and could not, support or refute Plaintiff's FLSA claims and Defendants' theft, conversion and fraud claims; and, other than the fact that Plaintiff's FLSA claim and Defendants' theft, conversion and fraud claims all arise out of an employment relationship, there is no logical relationship between the FLSA claim and Defendants' counterclaims. This is not a case, as was at issue in *Reyes v. Bona 1372, Inc.*, Civil Action No. 1:17-CV-16, 2018 WL 1868106 *5 (E.D. Tex. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 183529 (E.D. Tex. Apr. 17, 2018),[1] *Hernandez v. ARC Trading Co.*, No. 3:17-cv-2057-BN, 2018 WL 2017680 *9-13 (N.D. Tex. May

---

[1] In *Reyes*, "[t]he Plaintiffs' allegation that the Defendants required the pseudonym scheme to avoid paying overtime wages [was] logically related to the Defendants' counter-assertion that the Plaintiffs carried out the scheme themselves."

3

1, 25018),[2] or *Solano v. Ali Baba Mediterranean Grill, Inc.*, Civil Action No. 3:15-CV-0555-G, 2015 WL 7770893 *3-6 (N.D. Tex. Dec. 3, 2015),[3] where there were counterclaims that were related to either the number of hours worked by the plaintiff or the nature of the plaintiff's compensation. Instead, Defendants' theft, conversion and fraud claims are based on Defendants' allegations that Plaintiff pocketed money that was paid by Defendants' customers – allegations that have nothing to do with the number of hours Plaintiff worked or the manner in which his tips were calculated. Defendants' counterclaims for theft, conversion and fraud are, therefore, permissive counterclaims.

As permissive counterclaims, for which there is no independent jurisdictional basis – the claims not being based on any federal law, and there not being diversity as between the parties – 28 U.S.C. § 1367 allows the Court to exercise supplemental jurisdiction over those counterclaims if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Defendants' theft, conversion and fraud counterclaims are not part of the "same" case or controversy as Plaintiff's FLSA claims so as to warrant the exercise of supplemental jurisdiction over them. *See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) ("The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of

---

[2] In *Hernandez*, the district court found that fraud and conversion counterclaims based on plaintiff's "alleged material misrepresentations" about the hours he worked were compulsory counterclaims, but the fraud and conversion claims based on plaintiff's misrepresentations about his reimbursement requests were not.

[3] In *Solano*, the district court exercised jurisdiction over the theft of services and fraud counterclaims which were based on allegations that plaintiff misrepresented the hours he worked, but dismissed the theft of goods counterclaim which was based on allegations that plaintiff stole goods from Defendants' restaurant.

the Act."), *rev'd on other grounds in McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742-43 (5th Cir. 2010) (determining that the only appropriate set-off claim in an FLSA case was one based on wages that were pre-paid to the employee); *see also Solano*, 2015 WL 7770893 at *6 (distinguishing between theft of services and fraud claims that are related to an FLSA claim and theft of goods claims that are not).[4] Even if they were so related, declining to exercise supplemental jurisdiction would be appropriate. *See e.g., Coronado v. D.N.W. Houston, Inc.*, Civil Action No. H-13-2179, 2014 WL 2779548 (S.D. Tex. June 19, 2014) (Rosenthal, J) (declining to exercise supplemental jurisdiction over permissive counterclaims that did not "form part of the same Article II case or controversy as the FLSA claims"). As such, as is the general practice in FLSA cases, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion to Dismiss Counterclaims (Document No. 8) be GRANTED and that Defendants' state law counterclaims be DISMISSED WITHOUT PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

---

[4] Defendants' reliance on *Galvan* is misplaced. As argued by Plaintiff in its Reply, *Galvan* was not an FLSA case. In addition, in *Galvan* there were competing claims by both sides about whether Galvan was paid, or overpaid, all the commissions he was due. That is simply not the case here. Here, Plaintiff alleges that he was not paid all the wages and overtime he was due. Defendants' counterclaims are based on allegations that Plaintiff stole from them by improperly "comping" customers' meal charges and then keeping the money paid by the customers for their meals for himself.

1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 18th day of July, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE